**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **YANG LIU,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE INDIVIDUALS AND ENTITIES IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,**<br><br>**Defendants.** | **Civil Action No. 26-cv-________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff Yang Liu ("Plaintiff"), through his undersigned counsel, alleges the following against the persons and entities identified in Schedule A (collectively, "Defendants"), based on personal knowledge as to his own rights and activities, the investigation described below, and information and belief as to all other matters.

## NATURE OF THE ACTION

1. This action arises from Defendants' unauthorized offers for sale and sales in the United States of mobile-phone stands with speakers bearing an ornamental appearance that infringes U.S. Design Patent No. D1,105,020 S (the "'020 Patent").

2. Plaintiff seeks relief under 35 U.S.C. §§ 271, 283, 284, 285, and 289. Plaintiff requests preliminary and permanent injunctive relief and recovery of Defendants' total profit under Section 289 on the infringing articles of manufacture, or damages under Section 284, without double recovery.

3. The accused products are identified by Amazon seller account and ASIN in Schedule A.

## THE PARTIES

4. Plaintiff Yang Liu is an individual with an address in Shaoyang, China, and is the applicant and designer named on the face of the ’020 Patent. Plaintiff is the owner of the ’020 Patent and has the right to enforce it.

5. The Defendants are the 26 Amazon sellers identified by displayed store name, seller account identifier, and accused ASIN in Schedule A, incorporated by reference.

6. On information and belief, Defendants are individuals and business entities who reside or are organized outside the United States, including in the People’s Republic of China, and who conduct business through the Amazon seller accounts identified in Schedule A. Defendants’ exact legal names, ownership arrangements, and business affiliations are within Defendants’ and Amazon’s records and will be confirmed through discovery. The seller identifiers and accused ASINs in Schedule A associate each claim with an identifiable marketplace account and product offer.

7. Each Defendant uses its Amazon seller account to advertise and offer for sale, and on information and belief to sell, at least one of the accused articles identified in Schedule A to purchasers in the United States, including purchasers in New York.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because the action arises under the patent laws of the United States.

9. This Court has personal jurisdiction over each Defendant under N.Y. C.P.L.R. § 302(a)(1), consistent with due process, because each Defendant directed offers of the accused products to New York customers through an interactive Amazon marketplace listing and the

investigation placed an order directed to a New York delivery address for an accused product through each Defendant's seller account.

10. The preserved listing pages display delivery availability to New York, and the Amazon Order Details records confirm that the test purchase from each Defendant was directed to a New York delivery address. Exhibit C reproduces each order record as captured, including its refund and fulfillment entries.

11. Plaintiff's jurisdictional allegations rest on Defendants' own marketplace offers and their processing of New York-directed orders, not merely on the unilateral decision of the purchaser to view a website accessible nationwide.

12. On information and belief, each Defendant is a person or entity not resident in the United States. Venue is therefore proper in this District under 28 U.S.C. § 1391(c)(3), which permits suit against such a defendant in any judicial district and applies in patent cases.

## THE ASSERTED DESIGN PATENT

13. The United States Patent and Trademark Office issued the '020 Patent, entitled "Mobile Phone Stand with Speaker," on December 9, 2025, on U.S. Application No. 29/998,839. A complete copy is attached as Exhibit A.

14. The '020 Patent claims the ornamental design for a mobile-phone stand with speaker as shown and described in its eight drawing figures. Its specification excludes the illustrated broken-line subject matter from the claimed design.

15. The '020 Patent is presumed valid under 35 U.S.C. § 282(a). Plaintiff seeks relief for actionable conduct during the patent term, not for alleged pre-issuance infringement.

16. Plaintiff markets products embodying the patented design in the United States through an authorized distributor, including on the Amazon marketplace. Defendants' offers of articles that appropriate the patented design compete directly with those authorized products.

**ACCUSED OFFERS AND SALES**

17. The investigation preserved Amazon listings for the accused ASINs. Exhibit B groups each seller's identifying cover sheet, the first captured product page for each accused ASIN, and the corresponding Amazon seller-information page. Schedule A lists the seller identifiers and accused ASINs.

18. Each accused listing depicts a mobile-phone stand with integrated speaker. The articles presented in the listings share a conspicuous rounded, generally rectangular speaker face, an articulated support and cradling structure, and an angled support base, arranged in a visual configuration that closely tracks the overall appearance of the protected design.

19. The products depicted in the accused listings are substantially similar in overall ornamental appearance to the claimed design, viewed as a whole and with due consideration of the prior art and the patent's broken-line disclaimer. Exhibit D also compares photographs of physical samples received from the test purchases, taken from additional viewpoints, with the patent drawings.

20. Plaintiff's counsel placed a test order with each of the 26 seller accounts for delivery to a New York address. Exhibit C preserves the corresponding order records. Physical samples of the accused product were received in response to the test orders. Photographs of those samples, their retail boxes, and their outer shipping materials appear in Exhibit C (pp. 28-35), grouped by retail-packaging design. Exhibit D (pp. 15-19) includes further sample and packaging photographs and compares the received samples to additional patent figures.

21. Each Defendant has offered for sale, and on information and belief has sold, accused articles in the United States during the term of the ’020 Patent without Plaintiff’s authorization.

22. Plaintiff has not licensed Defendants to use the claimed design.

**RELATEDNESS OF THE ACCUSED PRODUCT ACTIVITIES**

23. For each of the 26 Defendants, at least one accused ASIN depicts a black or predominantly dark-colored mobile-phone stand with speaker having the same distinctive overall product configuration. The listings show a generally rounded rectangular housing, illuminated peripheral trim, a lower phone-rest cradle, an articulated side support, and an angled base. Differences in camera angle, phone placement, or graphic layout do not obscure the recurring configuration. Exhibits B and D illustrate this shared visual presentation.

24. The overlap extends beyond a common product type. Comparison of selected promotional image files identifies the same image among Sellers 1, 7, 8, 9, 17, 20, and 23; a second identical image among Sellers 2, 4, 10, 16, 24, and 25; and a third identical image shared by Sellers 11 and 19. Other sellers use different images displaying a substantially similar dark-colored speaker-stand configuration. Exhibits B and D document these visual overlaps.

25. The samples received from the test purchases arrived in four recurring retail-packaging designs, shown in Exhibit C (pp. 28-35). Within each group, the retail boxes bear the same artwork and layout. Because each test order was placed with a different seller account, the recurrence of identical retail packaging across multiple received samples indicates that the same packaged product reaches consumers through multiple Defendants’ storefronts. Exhibit D shows the physical product from multiple angles.

26. The repeated promotional-image files, common accused-product configuration, and recurring retail-packaging designs support an inference of common or related product sourcing, marketing, and distribution. On information and belief, Defendants' offers arise out of related commercial activities involving the same accused product, including a common or related source of manufacture or supply. The precise sourcing arrangements and transaction relationships are reflected in Defendants' and Amazon's records.

27. These overlapping product images, the recurring physical-product and packaging features, and the related commercial activities raise common questions of fact concerning product identity, source, design, and distribution. Joinder is proper under 35 U.S.C. § 299(a) because the right to relief against Defendants arises out of the same series of transactions or occurrences relating to the offering for sale and sale of the same accused product, and questions of fact common to all Defendants will arise in this action. Joinder rests on these connected activities, not on the allegation that each Defendant infringes the same patent.

**COUNT I**

**DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)**

28. Plaintiff realleges paragraphs 1 through 27.

29. Each Defendant has, without authority and during the patent term, offered for sale in the United States, and, on information and belief, sold, articles that embody the patented design or a colorable imitation of it, and has thereby infringed the sole claim of the '020 Patent under 35 U.S.C. § 271(a).

30. An ordinary observer familiar with the relevant prior art, giving the attention a purchaser ordinarily gives, would find the accused designs substantially the same in overall

appearance as the patented design, such that the resemblance would induce the observer to purchase an accused article supposing it to be the patented design.

31. Defendants' infringing offers and sales compete directly with Plaintiff's authorized products, interfere with Plaintiff's authorized distribution and customer relationships, and deprive Plaintiff of control over the presentation of the patented design. Unless enjoined, Defendants' continued infringement will cause Plaintiff irreparable harm that money damages cannot fully measure or remedy.

32. Under 35 U.S.C. § 289, Plaintiff is entitled to Defendants' total profit on the articles of manufacture to which the patented design has been applied, as well as an accounting of the sales and profits associated with the accused products. Plaintiff does not seek duplicative recovery under Sections 284 and 289.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against the Defendants as follows:

A. A judgment that each Defendant has infringed the '020 Patent under 35 U.S.C. § 271(a);

B. Preliminary and permanent injunctive relief under 35 U.S.C. § 283 enjoining Defendants, and all persons in active concert or participation with them, from making, using, importing, offering for sale, or selling articles embodying the accused design or colorable imitations thereof;

C. An award of Defendants' total profit under 35 U.S.C. § 289 on infringing articles of manufacture, with an accounting of product-specific sales and profits, or, in the alternative, damages under 35 U.S.C. § 284, without double recovery;

D. Prejudgment and postjudgment interest to the extent allowed by law;

E. Costs and, upon a finding that this case is exceptional under 35 U.S.C. § 285, reasonable attorney fees;

F. Temporary and preliminary relief under Federal Rule of Civil Procedure 65, including restraint of the accused products, preservation of identifiable proceeds of accused-product sales, and expedited discovery; and

G. Such other relief as the Court finds just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
November 24, 2026

Respectfully submitted,

Alexander Warden
New York State Bar No. 6055388
WEST ATLANTIC LAW FIRM, PLLC
104 West 40th Street, 4th Floor
New York, NY 10018
Telephone: (347) 420-0279
Email: alexander.warden@walflaw.com
Counsel for Plaintiff Yang Liu

# SCHEDULE A

## FILED UNDER SEAL